# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50333 | **DATE** | 1/11/2011 |
| **CASE TITLE** | U.S.A. vs. Jose Luis Aguilar-Ballesteros | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2255 motion and dismisses this cause in its entirety.

■ [ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT - OPINION

Jose Luis Aguilar-Ballesteros, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, raising the following claims: (1) that his sentence should be reduced six months because he qualifies for such a reduction based on the Fast Track Program that exists in other District Courts: (2) that he was entitled to a four-month credit at the time of sentencing based on the conditions at the Ogle County Jail where he was being held and that his trial counsel was ineffective for failing to seek such a credit; and (3) that he is entitled to an additional 10 days of credit on his sentence based on the time he spent in custody at the McHenry County Jail after his arrest. The court denies the motion without further briefing as the motion and the record in this case conclusively show that Aguilar-Ballesteros is entitled to no relief. See 28 U.S.C. § 2255(b); see also Rule 5(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

As to the first claim, while the Court of Appeals has recently held that a court may consider as part of the § 3553(a) factors the disparity in sentencing created by the difference between Districts with a Fast Track Program and those without. See United States v. Reyes-Hernandez, 624 F. 3d 405 (7th Cir. Oct. 7, 2010). Aguilar-Ballesteros, however, was sentenced on August 3, 2010, when the law in this Circuit prohibited consideration of such a disparity at sentencing. See United States v. Galicia-Cardenas, 443 F. 3d 553 (7th Cir. 2006). Aguilar-Ballesteros does not claim that the new rule announced in Reyes-Hernandez has been made retroactive, and the court is not aware of any case making it so. In fact, two cases from other Districts have ruled that similar holdings are not to be retroactively applied. See United States v. Medina, 2010 WL 2731505 (D. R.I. July 9, 2010); Escalona-Martinez, 2006 WL 2860923 (M.D. Fl. Oct. 4, 2006). Accordingly, because Aguilar-Ballesteros relies on a rule of law announced after he was sentenced and which has not been made retroactive, his claim based on that holding is denied. Moreover, Aguilar-Ballesteros received a 30-month sentence of imprisonment, a substantial downward variance from the applicable guidelines range of 46-57 months. Considering all of the § 3553(a) factors as discussed by the court at the time of sentencing, the absence of the Fast Track Program in this District would have had no other impact on his sentence.

| STATEMENT - OPINION |
|---|

The next claim is that Aguilar-Ballesteros should have received credit at the time of sentencing based on the condition at the Ogle County Jail and that his trial counsel was ineffective for failing to seek such a credit. The underlying claim is barred as it was not raised at sentencing nor in any direct appeal and cannot be raised for the first time in a § 2255 motion.

In an apparent attempt to avoid such a procedural default, Aguilar-Ballesteros claims that his trial counsel was ineffective for not raising the issue in this court at sentencing. In order to establish ineffective assistance of counsel, a petitioner must show that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) he suffered resulting prejudice. Gentry v. Sevier, 596 F. 3d 838, 851 (7th Cir. 2010).

Generally, conditions of presentence confinement are not considered as part of the § 3553(a) factors. United States v. Turner, 569 F. 3d 637, 642 (7th Cir. 2009). Further, the Seventh Circuit Court of Appeals has not definitively determined whether "extraordinarily harsh conditions" could justify a sentence reduction. Turner, 569 F. 3d at 642.

Even if "extraordinarily harsh" conditions could justify a sentencing reduction, Aguilar-Ballesteros has not identified such conditions in his § 2255 motion. Assuming the truth of the factual allegations regarding the conditions at the Ogle County Jail, such conditions do not rise to the "truly egregious" level that might justify a sentence reduction in the appropriate case. See Turner, 569 F. 3d at 642. Thus, it was neither error nor prejudicial for trial counsel here not to have raised this issue at sentencing.

Finally, as to the claim regarding the additional 10 days of credit for time served at the McHenry County Jail, that is an administrative matter strictly within the purview of the Attorney General of the United States and the Bureau of Prisons. See United States v. McNeil, 573 F. 3d 479, 484 (7th Cir. 2009); United States v. Blankenship, 648 F. Supp. 2d 1093, 1094 (C.D. Ill. Aug. 26, 2009) (citing United States v. Jones, 341 F. 3d 495, 499 (7th Cir. 1994). Because this court lacks the authority to consider this claim, it is denied as well.

For the foregoing reasons, the court denies the § 2255 motion and dismisses this cause in entirety.